WK:MJC
F. #2022R00481

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>KAMRAN KIRMANI,<br><br>    Defendant. | C O M P L A I N T   A N D<br>A F F I D A V I T   I N   S U P P O R T<br>O F   A N   A P P L I C A T I O N   F O R<br>A R R E S T   W A R R A N T<br><br>(T. 18 U.S.C. § 1343)<br><br>23-MJ-914 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

       Special Agent Amrita Persaud, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

       On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KAMRAN KIRMANI did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property from the United States Small Business Administration by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds: to wit, a fraudulent application for emergency relief funds in the name of Group of 2 Inc. as described below.

       (Title 18, United States Code, Section 1343)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed as such since October 2021. I have been involved in the investigation of numerous cases involving fraud, including securities fraud, wire fraud and other financial crimes. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file and from reports of other law enforcement officers involved in the investigation.

2. I am participating in an investigation of a scheme to use shell companies, false information and fraudulent identification documents to submit false applications to apply for, and obtain, COVID-19 Economic Injury Disaster Loans from the SBA, and thereby illegally steal millions of dollars of COVID-19 emergency relief assistance.

THE ECONOMIC INJURY DISASTER LOAN PROGRAM

3. The Economic Injury Disaster Loan ("EIDL") program was a United States Small Business Association ("SBA") program that provided low-interest financing to small businesses, renters and homeowners in regions affected by declared disasters.

4. The Coronavirus Aid, Relief and Economic Security ("CARES") Act was a federal law enacted in March 2020. It was designed to provide emergency financial assistance to the millions of Americans suffering the economic impact of the COVID-19 pandemic. Among other things, the CARES Act expanded the SBA's EIDL Program, such that it authorized the SBA to provide EIDLs of up to two million dollars ($2,000,000) to eligible small businesses

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

experiencing substantial financial disruption due to the COVID-19 pandemic. Under the program, the SBA was also authorized to issue advances of up to ten thousand dollars ($10,000), which the SBA generally provided while an EIDL application was pending. Such advances effectively served as grants, as applicants were not required to repay any of the advanced amounts.

5. To qualify for an EIDL under the CARES Act, a business was required to have suffered "substantial economic injury" due to COVID-19, as determined by the SBA. EIDLs were permitted to be used for payroll and other costs, as well as to cover increased costs due to supply chain interruption, to pay obligations that could not be met due to revenue losses, and for other similar purposes.

6. To qualify for an EIDL, applicants were required to submit applications to the SBA, providing the business's name and its EIN (or social security number for a sole proprietorship), gross revenues, costs of goods for the prior year, address, email, date of establishment, number of employees as of January 31, 2020, and bank account information. The EIDL application also required that the person completing the application identify himself or herself, and required that anyone assisting that person, whether for a fee or not, identify himself or herself. EIDL applicants were required to certify under penalty of perjury that the information provided in the application was true and correct.

7. EIDL applications were submitted directly by the applicant online to the SBA and processed through a software platform that used a server in Iowa. Any funds issued under an EIDL were issued directly by the SBA and were processed in Denver, Colorado.

## PROBABLE CAUSE

8. Based on my review of the evidence gathered in the investigation to date, there is probable cause to establish that the defendant KAMRAN KIRMANI committed wire fraud in violation of Title 18, United States Code, Section 1343 with respect to a December 11, 2020, EIDL loan application submitted to the SBA online via the internet.

## THE FRAUD SCHEME

9. In at least 2020 and 2021, the defendant KAMRAN KIRMANI, using false applicant names and fake or forged driver's licenses, electronically submitted to the SBA more than a dozen fraudulent EIDL loan applications (the "False Applications") on behalf of various corporate shell entities (the "Shell Companies") he controlled that were located in Queens, New York.

10. Each False Application submitted on behalf of a Shell Company provided a purported applicant's driver's license for the purpose of representing identity of the person who was purportedly submitting the False Application on behalf of the Shell Company. Each of these driver's licenses, however, was fake or forged. Additionally, the fake or forged driver's licenses used in the False Applications were subsequently recovered at KIRMANI's home pursuant to a judicially authorized search warrant.

11. Other details associated with the False Applications trace back to KIRMANI, such as email addresses, phone numbers and addresses associated with KIRMANI. For example, in a False Application described in greater detail below, the recovery information for a Gmail address provided for the purported applicant included an email address and a phone number associated with KIRMANI.

12. In addition to using false identification documents to mislead the SBA, KIRMANI also provided false information relating to the Shell Companies on whose behalf the False Applications were submitted. This was used to falsely represent that the Shell Companies were eligible to receive EIDL funds, even though they were not. The Shell Companies, controlled by KIRMANI, were used by KIRMANI solely for the purpose of falsely obtaining EIDL loan proceeds.

13. Before submitting each of the False Applications, KIRMANI opened a bank account (a "KIRMANI Account") using the Shell Company addresses in Queens, New York for the purpose of receiving emergency relief funds released as a result of the False Application. KIRMANI was the sole signatory for each of these accounts. In each of the False Applications, KIRMANI directed that emergency relief funds be deposited into a related KIRMANI Account.

14. Following submission of the False Applications, and as a result of the fraudulent information contained in them, the SBA wired emergency relief funds to the KIRMANI Accounts as specified in the False Applications. KIRMANI thereafter transferred these fraudulently-obtained funds elsewhere. Thus far, I have been able to identify approximately seven million dollars ($7,000,000) in EIDL proceeds that were stolen as a result of this criminal scheme.

## THE DECEMBER 11, 2020 EIDL APPLICATION

15. On December 11, 2020, the defendant KAMRAN KIRMANI submitted, via the internet, a false application to the SBA in the name of "Manu Shah." Among other things, a fraudulent New Jersey driver's license was provided to establish the identity of "Shah." The fake driver's license used in the G2 Application was recovered at KIRMANI's home

pursuant to a judicially authorized search warrant.   Additionally, the email address provided for "Shah" contained recovery information, in the form of an email address and a telephone number, associated with KIRMANI.

16. The false application (the "G2 Application") requested EIDL funds for a Queens, New York, company named "Group of 2 Inc."   The G2 Application specified that emergency relief funds should be sent to a bank account in Group of 2 Inc.'s name, but which bank records reflect was in fact controlled by KIRMANI, who was also the sole signatory on the account and who has opened the account only a short time earlier.

17. In addition to the use of false identification document, the G2 Application also provided fraudulent information about Group of 2 Inc.'s business to show that the company qualified for COVID-19 emergency relief funds under the EIDL program, when in fact the information was false and the Company did not qualify to receive any such relief.

18. The G2 Application specified that G2 had five employees, gross revenues of $498,786 for the 12 months prior to January 31, 2020, and cost of goods sold of $0 for the 12 months prior to January 31, 2020.

19. This information, including the gross revenue figure on the application, was supported by purported tax documentation for G2 for the 2019 tax year, including documents that purported to be a tax transcript, tax account information and a complete federal and state tax return.   All of these documents were submitted in connection with the G2 Application.   The G2 Application also included certain tax information for the 2018 tax year as well.

20. Evidence indicates that the above tax documents are fraudulent.   For example, the signatory to the 2019 tax return is "Manu Shah", the name used on the fake New

Jersey drivers' license submitted with the application. As another example, the Social Security Administration has confirmed that the social security number used by "Manu Shah" on the tax return (and the G2 Application as a whole) is not associated with a person named "Manu Shah."

21. Moreover, the New York Department of Labor ("NYDOL") has no records related to any business being conducted by G2. Accordingly, there are no records at the NYDOL supporting the existence of any employees of G2, much less the five employees listed on the G2 Application.

22. Based upon the G2 Application submitted by KIRMANI, the SBA deposited a total of approximately $499,900 in the Group of 2 Inc. bank account controlled by KIRMANI. The SBA made two separate payments – a deposit of $149,900 on March 2, 2021 and a deposit of $350,000 on July 29, 2021. KIRMANI, in turn, within a short time after the funds were sent to the account, transferred the almost all of the stolen emergency relief funds out of the account to other accounts unrelated to any purported business being conducted by G2.

## CONCLUSION AND REQUEST FOR SEALING

23. I respectfully request that this Court issue an order sealing, until further order of the Court, all materials submitted in support of this application, including the application and arrest warrant. Premature disclosure of these materials would give the defendant KAMRAN KIRMANI an opportunity to evade arrest and prosecution. Therefore, such disclosure would have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant issue so that the defendant, KAMRAN KIRMANI, can be dealt with according to law.

/s/ Amrita Persaud
Special Agent Amrita Persaud
Special Agent, Federal Bureau of Investigation

Sworn to before me telephonically this
7th day of November, 2023

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.11.07 16:12:09 -05'00'

THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK